IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3011 |
| vs. | |
| DANTE D. WILLIAMS, | ORDER |
| Defendant. | |

This matter is before the Court on the defendant's objection (filing 224) to the magistrate judge's order (filing 226) denying his motion to appoint new counsel (filing 219). This is a non-dispositive pretrial order. *See United States v. Harlan*, 960 F.3d 1089, 1091 (8th Cir. 2020). Accordingly, the Court will reconsider the magistrate judge's ruling only if the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); *Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007).

The magistrate judge's ruling here was neither. The Court has reviewed the record made at the hearing on the defendant's motion, at which he expressed his dissatisfaction with his appointed counsel. Filing 221; filing 222. But while a defendant is entitled to competent and effective legal counsel, he is not entitled to more. *Harlan*, 960 F.3d at 1092. And when faced with a motion to appoint substitute counsel, the Court must balance several factors, including the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job. *Id*. The court must conduct an adequate inquiry into the nature and extent of an alleged breakdown in attorney-client communications. *United States v.*

*Farah*, 899 F.3d 608, 614 (8th Cir. 2018), *cert. denied sub nom. Daud v. United States*, 139 S. Ct. 1275 (2019), and *cert. denied,* 139 S. Ct. 1275 (2019).

The magistrate judge did that, and more, and did not err in finding that the defendant was not entitled to replacement counsel. A defendant who is dissatisfied with appointed counsel must show "justifiable dissatisfaction" to warrant substitution of counsel, such as a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant. *Harlan*, 960 F.3d at 1092. The focus of the inquiry is the adequacy of counsel in the adversarial process, not the defendant's relationship with his attorney. *United States v. Delacruz*, 865 F.3d 1000, 1008 (8th Cir. 2017). "Justifiable dissatisfaction" does not include a defendant's frustration with counsel who does not share his tactical opinions but continues to provide zealous representation: a defendant has no right to a meaningful relationship with appointed counsel, nor to an attorney who will docilely do as he is told. *See id.*; *United States v. Kelley*, 774 F.3d 434, 439 (8th Cir. 2014).

In this case, the defendant may be unhappy with his situation, but he has not identified any way in which his appointed counsel's representation has been deficient. The defendant might not like his counsel's advice, but that doesn't mean his counsel has been incompetent or ineffective, and the record suggests the opposite. The magistrate judge's refusal to replace counsel was certainly neither clearly erroneous nor contrary to law.

Because the defendant sought to appeal the magistrate judge's ruling on this matter, the magistrate judge did not reach the question of whether the defendant should be permitted to proceed pro se. Accordingly, it remains for the magistrate judge to determine whether the defendant's contingent request to represent himself was knowingly and voluntarily made—that is, whether the defendant has been made sufficiently aware of his right to have counsel

and of the possible consequences of a decision to forgo the aid of counsel. *See Jones v. Norman*, 633 F.3d 661, 667 (8th Cir. 2011). But as to his request for replacement counsel,

IT IS ORDERED that the defendant's objection (filing 224) is overruled.

Dated this 8th day of July, 2020.

BY THE COURT:

John M. Gerrard
Chief United States District Judge