IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiffs, | 4:19CR3011 |
| vs. | |
| DANTE D. WILLIAMS, | ORDER |
| Defendants. | |

Defendant Dante D. Williams has moved for disclosure of confidential informants. (Filing No. 186). For the reasons discussed below, the motion will be denied.

ANALYSIS

The defendant bears the burden of showing that his need for disclosure of the identity of a confidential informant outweighs the government's privilege to withhold the informant's identity. United States v. Faulkner, 826 F.3d 1139, 1147 (8th Cir. 2016); United States v. Lapsley, 263 F.3d 839, 841 (8th Cir. 2001). The defendant can satisfy this burden by showing that disclosure is relevant and helpful to his defense, material, or essential to a fair trial. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Lapsley, 263 F.3d at 841 (quoting Roviaro v. United States, 353 U.S. 53, 60-61 (1957)).

Courts must consider factors such as the crime charged, the possible defenses, the possible significance of the informer's testimony, and relevant factors in determining whether, on balance, the defendant's need for disclosure

outweighs the public's interest in maintaining the confidentiality of informants. Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001) (citing Roviaro, 353 U.S. 53, 60-61). "The threshold issue in determining whether disclosure is required emerges from whether the informant is a material witness," (Faulkner, 826 F.3d at 1147), and "[d]isclosure of the confidential informant is not mandated unless it is vital to a fair trial." Carpenter, 257 F.3d at 779 (internal citations and quotations omitted). Where the witness was an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense. Carpenter, 257 F.3d at 779 (internal citations and quotations omitted). But the government need not disclose the identity of informants who merely conveyed information to the government, but neither witnessed nor participated in the offense, and who the government does not expect to call at trial. Faulkner, 826 F.3d at 1147; see also United States v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991).

Dante Williams states that search warrant applications and the government's Rule 16 disclosures mention confidential informants who: 1) assisted law enforcement in identifying "Dante Williams" as a person depicted in pictures captured from a security camera at the alleged crime scene; 2) stated the clothing depicted in those images appeared to be Dante Williams' clothing; 3) disclosed Dante Williams' cell phone number; and 4) stated Dante Williams admitted to being involved in the alleged robbery.

Dante Williams claims "the Government's entire case is based upon paid, unidentified confidential informants who have indicated that Dante admitted he was present during the robbery" or purport to identify him, his clothing, and/or his phone number." (Filing No. 187, at CM/ECF p. 13). He claims that since he neither participated in nor confessed to the crime, he is entitled to the identity of the informants who say he did so that he can effectively cross-examine them as to

2

their motive, bias, interest, and financial motivation to lie. (Filing No. 187, at CM/ECF pp. 11, 14-15). He further argues that "[w]ithout some knowledge about the identity of the confidential informants, it is impossible for Defendant to determine whether the informants were acting as 'government agents' and were instructed to 'get information about a particular defendant.' " (Filing No. 187, at CM/ECF p. 16). Finally, he argues that Confidential Informant Number 3 reported that Dante Williams stated, he "didn't have a gun." Although Dante Williams argues he did not admit to being at the scene, if the jury believes he was, the jury should also hear that he denied having a gun because that denial could suggest that Dante Williams did not know anyone planned to commit a robbery. (Filing No. 187, at CM/ECF p. 17).

As to the claim that Dante Williams must know whether any of the informants were acting as government agents, the government responds that "there was no time in this case when the Lincoln Police Department directed an informant to go out and acquire information about the Defendant or obtain evidence on the Defendant and return it to the police." (Filing No. 346, at CM/ECF p. 2).

As to Dante Williams' need to cross-examine the person who claims he admitted to the crime or his need to elicit testimony from that witness that he "didn't have a gun," the government's brief discloses the informant who stated Dante Williams admitted to being involved in the robbery. The brief also discloses an unpaid witness and a paid informant who will testify that they identified Dante Williams as the person depicted in the captured surveillance image and provided this information to the police. The government's brief identifies a cooperating witness who may testify that Dante Williams was expected to arrive in Lincoln to visit his brother, co-defendant Damon Williams (who lived with co-defendant Tawhyne Patterson) the day before the murder.

3

The government has not identified the Confidential Informant who provided Dante Williams' phone number to the police. And it has not disclosed confidential informants who recognized Dante and Damon Williams in the surveillance image but will not agree to testify at trial. (Filing No. 346, at CM/ECF p. 8). It has not disclosed the names of informants who were able to identify Dante Williams' truck, either. (Filing No. 346, at CM/ECF p. 12). The government explains that the "Confidential Informant and 'reliable source' that provided the information concerning the Defendant's cellular phone number was not the only source of evidence for that fact and was a mere tipster whose disclosure would not be material to the outcome of this case." (Filing No. 346, at CM/ECF p. 15). As to identifying the defendant from the pictures, the government explains that while confidential informants identified Dante Williams from the captured surveillance photos, it need not and will not be calling all such informants to testify at trial. It explains that at trial, the prosecution will link Dante Williams to the robbery and murder, beyond a reasonable doubt, through the testimony of disclosed witnesses; Dante Williams' DNA; his cell phone and tracking its location before, during, and immediately after the crime; his clothing; evidence obtained through the execution of search warrants; and the totality of evidence collected as part of the criminal investigation. It asks the court to deny Defendant's request as to the confidential informants who would not testify at trial, arguing these non-testifying informants were "mere tipsters," and Defendant has not met his burden of proving their statements are material to his defense. (Filing No. 346, at CM/ECF p. 1).

I agree. None of these confidential informants participated in or witnessed the crime itself. Instead, they provided tips which, upon investigation and corroboration by law enforcement, led to the identifying and locating suspects, obtaining warrants, collecting evidence, and securing indictments. Relevant evidence found through investigating a lead is subject to the Rule 16 disclosure rules; the identity of non-testifying persons who assisted police in knowing where

4

to look (and who to suspect) is not. The government need not disclose the non-testifying confidential informants.

The government has not disclosed witnesses who will testify regarding prior similar robberies as supporting the government's conspiracy claim in Count V. The government asserts that for the safety of witnesses, absent a court order, it will not disclose these testifying witnesses as to Count V until it must disclose its trial witness list. It states that some witnesses and a child victim have been threatened already.

Dante Williams is not charged in Count V. And he is not alleged to have been involved in the prior robberies underlying the conspiracy charge in Count V. Therefore, as to Dante Williams, the testimony of these undisclosed testifying witnesses is immaterial to the charges against him.

The court finds that the government has disclosed the identities of those confidential informants who are material witnesses as to the charges against Dante Williams. Defendant has not met his threshold burden of demonstrating that the undisclosed confidential informants have information material to his defense.

Accordingly,

IT IS ORDERED that Defendant Dante Williams' motion for disclosure of confidential informants, ([Filing No. 186](#)), is denied.

Dated this 11th day of September, 2020.

                                      BY THE COURT:

                                      *s/ Cheryl R. Zwart*
                                      United States Magistrate Judge