IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:19-CR-3011 |
| vs. | TENTATIVE FINDINGS |
| DANTE D. WILLIAMS, | |
| Defendant. | |

The Court has received the second revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 606) and moved for a downward departure or variance (filing 601).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report in several respects. Filing 606. And the defendant has moved for a downward departure or variance (filing 601).

(a) First, the defendant suggests that the base offense level for second-degree murder might be more "appropriate" than the base offense level for first-degree murder. Filing 606 at 1. The Court disagrees. The defendant pled guilty to felony murder in violation of 18 U.S.C. § 924(j)(1), and the Guidelines clearly provide that the base offense level for that crime is found in U.S.S.G. § 2A1.1. In addition, the defendant also pled guilty to attempted Hobbs Act robbery—for which, through cross-reference, the appropriate Guideline is *also* § 2A1.1. *See* filing 548 at 2-3. It may be appropriate to lower the Guidelines range through an adjustment or departure, or vary from the Guidelines range, but the Court cannot alter the

calculation by beginning with a base offense level for a different crime than the one for which the defendant was convicted.

(b) Next, the defendant argues that he should receive a role adjustment for a minor participant in the offense. Filing 606 at 4. U.S.S.G. § 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *Id.*, cmt. n.3(A). The defendant bears the burden of proving he is entitled to a mitigating role adjustment. *United States v. Salazar-Aleman*, 741 F.3d 878, 880 (8th Cir. 2013). Specifically, it is the defendant's burden to establish both that he is a "minor participant by comparison with other participants *and* by comparison with the offense for which he or she is accountable." *United States v. Ramirez-Maldonado*, 928 F.3d 702, 708 (8th Cir.), *cert. denied sub nom. Llamas-Delgado v. United States*, 140 S. Ct. 425 (2019). Accordingly, the Court will resolve this objection on the evidence from the trial of Tawhyne Patterson and Damon Williams,[1] and any evidence adduced at sentencing.

---

[1] Because the sentencing process does not carry the same evidentiary protections guaranteed during a criminal trial, relevant, reliable evidence from a codefendant's trial presided over by the sentencing judge may be considered in sentencing a defendant even though the defendant was not present, represented, or able to confront and cross-examine witnesses at his codefendant's trial. *Smith v. United States*, 206 F.3d 812, 813 (8th Cir. 2000); *see United States v. Russell*, 234 F.3d 404, 409 (8th Cir. 2000); *United States v. Fetlow*, 21 F.3d 243, 250 (8th Cir. 1994); *see also United States v. Gomez-Coronado*, 216 F. App'x 615, 617 (8th Cir. 2007); *United States v. Simmons*, 100 F. App'x 600, 601 (8th Cir. 2004).

(c) With respect to criminal history, the defendant argues that no criminal history points should be assessed for misdemeanor convictions resulting in jail time that, he says, were uncounseled. Filing 606 at 5-6; *see* filing 604; *see also Nichols v. United States*, 114 S. Ct. 1921, 1928 (1994). But that's not really the issue. It is true that an indigent criminal defendant may not be sentenced to a term of imprisonment unless afforded the right to assistance of counsel. *Scott v. Illinois*, 99 S. Ct. 1158, 1162 (1979). And it's also true that if an uncounseled conviction is valid under *Scott*—that is, it was uncounseled but *didn't* result in jail time—it can also be used for enhancement purposes. *Nichols*, 114 S. Ct. at 1928.

But that's not the only circumstance in which an uncounseled conviction may be used for enhancement. Instead, the reasoning of *Nichols* is that "convictions valid when entered—that is, those that, when rendered, did not violate the Constitution—retain that status when invoked in a subsequent proceeding." *See United States v. Bryant*, 136 S. Ct. 1954, 1965 (2016). That's why the rule *isn't* that uncounseled prior convictions resulting in jail time are unavailable for enhancement—rather, the rule is that "a state conviction which is uncounseled *may* be used to enhance a sentence as long as counsel was validly waived or was not otherwise constitutionally required." *United States v. Early*, 77 F.3d 242, 245 (8th Cir. 1996) (emphasis supplied); *accord United States v. Sinclair*, 474 F.3d 1148, 1149 (8th Cir. 2007).

Here, the evidence adduced by the defendant indicates that for each conviction, he was advised of his right to appointed counsel

and chose to plead guilty. Filing 604-1 at 7; filing 604-2 at 6.[2] And it's the defendant's burden to show that a prior conviction wasn't constitutionally valid in order to prevent its use at sentencing. *United States v. Dodson*, 817 F.3d 607 (8th Cir. 2016). On this record, the defendant hasn't met that burden.

(d) The defendant's motion for departure or variance is premised on the defendant's personal circumstances and the circumstances of the offense. *See* filing 603. The defendant identifies several Guidelines provisions which he suggests might be the basis for a departure. But having considered the defendant's argument—and fully aware of its authority to depart, *see United States v. Navarro*, 218 F.3d 895, 897 (8th Cir. 2000)—the Court finds that the considerations offered by the defendant are better analyzed under § 3353(a), rather than the Guidelines. Accordingly, the Court will determine at sentencing whether the defendant's circumstances warrant a downward variance. *See United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010).

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3)

---

[2] Nor, in the Court's experience with this defendant, is it surprising that he would have chosen to waive appointed counsel. *E.g.* filing 247.

business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 8th day of June, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge