IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3011 |
| vs. | ORDER |
| DANTE D. WILLIAMS, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to extend the limitation period for filing a motion pursuant to 28 U.S.C. § 2255 (filing 720). The Court will deny that motion because it is premature.

A § 2255 motion must generally be filed within 1 year from "the date on which the judgment of conviction becomes final." § 2255(f)(1). When a defendant appeals, the judgment of conviction becomes final when the time expires for filing a petition for certiorari with the Supreme Court contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 525 (2003).

In this case, the defendant was sentenced on June 29, 2021, and judgment was entered the same day. Filing 651. A notice of appeal was filed on July 6. Filing 667. That appeal was docketed in the U.S. Court of Appeals for the Eighth Circuit as No. 21-2489, filing 674, where it remains pending. And the defendant cannot pursue postconviction relief while his direct appeal is still pending. *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992); *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir. 1965).

In other words, the Court cannot and need not extend the 1-year period for filing a § 2255 motion, because that period hasn't even started yet. It won't

start until 90 days after the Court of Appeals affirms the defendant's conviction and sentence, *if* that's what the Court of Appeals decides to do *and* the defendant doesn't petition the U.S. Supreme Court for a writ of certiorari. *See* U.S. Sup. Ct. R. 13(3). And as long as the defendant's direct appeal remains pending, he cannot file a § 2255 motion. Accordingly,

> IT IS ORDERED that the defendant's motion to extend (filing 720) is denied.

Dated this 23rd day of May, 2022.

BY THE COURT:

John M. Gerrard
United States District Judge