IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3011 |
| vs. | MEMORANDUM AND ORDER |
| DANTE D. WILLIAMS, | |
| Defendant. | |

On the eve of sentencing, the defendant has filed a motion to withdraw his plea as to Count II of the operative indictment. Filing 788. The Court will deny that motion.

A defendant may withdraw a plea after the Court accepts it, but before imposing sentence, if the defendant can show a fair and just reason for requesting the withdrawal. Fed. R. Crim. P. 11(d)(2)(B); *see United States v. Forjan*, 66 F.4th 739, 751 (8th Cir. 2023). But when a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise. *Id.* The defendant bears the burden of showing a fair and just reason for withdrawal. *United States v. Eller*, 955 F.3d 730, 733 (8th Cir. 2020). And in this case, the defendant hasn't met that burden.[1]

---

[1] Even if the defendant met that burden, the Court must consider other factors before granting the motion, including whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion. *Id.* There is no *right* to withdraw a plea—the plea of guilty is a solemn act not to be disregarded because of belated misgivings about its wisdom. *United States v. Flynn*, 969 F.3d 873, 877 (8th Cir. 2020).

JURISDICTIONAL ARGUMENT

The defendant's first argument is that Count II of the operative Second Superseding Indictment failed to state an offense. Filing 788 at 2; filing 789 at 2. But it's not clear what's missing. An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Leveke*, 38 F.4th 662, 669 (8th Cir.), *cert. denied,* 143 S. Ct. 386 (2022). An indictment is generally sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted. *United States v. Welker*, 75 F.4th 820, 822 (8th Cir. 2023).

A person commits a Hobbs Act robbery if he "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do." *United States v. Chaplain,* 864 F.3d 853, 857 (8th Cir. 2017) (quoting 18 U.S.C. § 1951(a)). The interstate commerce element is satisfied if the defendant stole or attempted to steal drug proceeds. *Taylor v. United States*, 579 U.S. 301, 309 (2016). And to be convicted of *attempted* Hobbs Act robbery, the

---

Here, because the defendant hasn't established a fair and just reason to withdraw his plea, the Court need not consider other factors. *See United States v. Seys*, 27 F.4th 606, 610 (8th Cir. 2022). But for the sake of completeness, the Court notes that the defendant hasn't made much of a showing with respect to any other factors either: The defendant's claim of factual innocence is contradicted by the record, he entered his plea of guilty nearly 2 years ago, and the government would obviously be prejudiced by further delays in this important and complex case. *See Eller*, 955 F.3d at 733; *see also United States v. Dixon,* 784 F.2d 855 (8th Cir. 1986); *United States v. Miell,* 711 F. Supp. 2d 967, 991 (N.D. Iowa 2010).

government must prove that the defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and completed a substantial step toward that end. *United States v. Taylor*, 142 S. Ct. 2015, 2020 (2022).

The operative indictment here alleges that on July 30, 2018,

> the defendants did unlawfully attempt to take and obtain personal property consisting of United States currency in the amount of approximately $85,000 and a quantity of marijuana, from the person of and in the presence of MR and JB, against MR and JB's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to JB and MR's person and to the persons of relatives and members of JB and MR's family, that is, by the defendants brandishing firearms and attempting to enter the home of MR and JB without permission.

Filing 122 at 2. That checks off all the elements, including the "substantial step" toward committing the crime. *See United States v. Crawford*, 837 F.2d 339, 339 (8th Cir. 1988) (finding "substantial step" toward bank robbery where defendant was arrested in car he planned to use to drive to bank with mask, overalls and gloves he had obtained for use in robbery).

Count II of the operative indictment contained all the elements of attempted Hobbs Act robbery, fairly informed the defendant of the charge, and alleged enough to permit a subsequent motion in bar. There is no merit to the defendant's argument that the indictment was insufficient.

INVOLUNTARY PLEA

Next, the defendant asserts that his plea was involuntary: That the Court didn't "fully inquire" into his "state of mind" at the plea hearing, and whether the defendant fully understood the consequences of pleading guilty. Filing 788 at 2; filing 789 at 2. The defendant also asserts that he wasn't advised as required by Fed. R. Crim. P. 11, and wasn't property advised of all the potential consequences of his plea. Filing 788 at 2; filing 789 at 2.

The transcript of the change of plea hearing shows otherwise. Filing 685. To start with, a defendant is competent to plead guilty if he possesses a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding, and has a rational as well as factual understanding of the proceedings. *United States v. Pacheco*, 641 F.3d 970, 974 (8th Cir. 2011). Even if suffering from some infirmity, a defendant's plea is valid if the record demonstrates that he understood the charges against him, was not dissatisfied with the services rendered by his attorney, and entered his plea knowingly and voluntarily. *Id*.

In this case, the Court expressly asked the defendant whether he was under the influence of anything that would impair his thinking, and he said under oath that he wasn't and that he wasn't taking any medications. Filing 685 at 3-4. He also said that he hadn't been threatened in any way to plead guilty, and was pleading guilty of his own free will. Filing 685 at 9. The Court, having inquired and observed the defendant's demeanor, *see Pacheco*, 641 F.3d at 974, expressly found that

> the defendant is fully competent on this date and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty as to all three counts is knowing, fully informed,

- 4 -

> and a voluntary plea, and it's supported by independent basis in fact containing each of the essential elements of the offenses.

Filing 685 at 27. The record supports that finding, and the defendant hasn't given the Court any reason to change its mind.

The defendant was also aware—having been fully informed—of the consequences of pleading guilty: The possible penalties, filing 685 at 13, that he would be guilty of a felony, filing 685 at 9, his waiver of his trial rights, filing 685 at 11, and other collateral consequences, filing 685 at 12. And the Court expressly gave the defendant each and every relevant advisement required by Rule 11(b)(1).[2] The defendant said he understood each and every one of those advisements. *See* filing 685, *passim*. The defendant's representations during plea-taking carry a strong presumption of verity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997). The Court finds no basis to discredit them here, and accordingly no basis to conclude that the defendant's plea was involuntary.

## ACTUAL INNOCENCE

The defendant argues that because his conviction on Count I has been vacated, he now "risks the maximum term of imprisonment (e.g., 40 years) without the opportunity to have a trial on Count II," despite his claim that he "was not involved" in that offense. Filing 788 at 3; *see also* filing 789 at 3. Again, his representations at the change of plea hearing—and its presumption of verity, *see Nguyen*, 114 F.3d at 703—undermine his argument.

It is true that at key points, the defendant's agreement to the factual basis for the plea was more an acknowledgement of the government's evidence

---

[2] There is no forfeiture, *see* Rule 11(b)(1)(J), no plea agreement, *see* Rule 11(b)(1)(N), and the defendant is a United States citizen, *see* Rule 11(b)(1)(O); *see also* filing 16 at 1.

than an affirmative admission of guilty. *See* filing 685 at 25. But the defendant affirmed that he was at the victim's residence on July 30. Filing 685 at 24. His counsel clarified—without contradiction from the defendant—that he "was there. He didn't have a gun. The defendant admits he was there and he participated in the robbery." Filing 685 at 25.³

It's not clear from the defendant's argument whether he's denying he was there, or whether he's claiming he just wasn't involved (perhaps because *he* says he didn't have a gun). But if he's claiming he wasn't there, the Court simply doesn't believe him. If he's claiming he was there but wasn't involved in the robbery, that's simply implausible, and again the Court doesn't believe him. And if he's advancing a more technical argument—again, perhaps relying on the fact that he didn't have a gun—that still wouldn't establish a claim of actual innocence where the defendant participated in the attempted robbery.⁴

## DOUBLE JEOPARDY

Finally, the defendant contends that resentencing him without an opportunity to withdraw his plea would violate the Double Jeopardy Clause, because he could get a longer sentence than he did in 2021. Filing 788 at 4;

---

³ It's not clear whether evidence adduced at the trial of co-defendants is available to substantiate the factual basis for a defendant's plea. *See United States v. Heid*, 651 F.3d 850, 854 n.2 (8th Cir. 2011). *But cf. United States v. Brown*, 331 F.3d 591, 595 (8th Cir. 2003). That said, if such evidence *may* properly be considered, the Court notes that the trial record amply establishes the defendant's guilt on Count II. But the record is sufficient without it.

⁴ Whether the defendant still merits a reduction to the offense level pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility is a matter the Court will resolve at sentencing. *See United States v. Bastian*, 603 F.3d 460, 465 (8th Cir. 2010) (defendant's attempt to withdraw his guilty plea may be evidence he did not accept responsibility for his offense); *accord United States v. Triana*, 79 F.4th 896, 901 (8th Cir. 2023).

filing 789 at 4. (It's not clear whether he's referring to the entire sentence for Counts II and III, or just the sentence on Count II.)

But the "sentencing package doctrine," which the Eighth Circuit held applicable here, *see* filing 726 at 2-3, permits the Court of Appeals to vacate a defendant's *entire* sentence on all counts, precisely to permit the Court to reconsider the sentences imposed on counts of conviction that were otherwise affirmed. *See United States v. Dennis*, 81 F.4th 764, 769 (8th Cir. 2023); *see also Pepper v. United States*, 562 U.S. 476, 507 (2011). And the Eighth Circuit has squarely held that a defendant has no expectation of finality in his sentence until an appeal is concluded, so the Double Jeopardy Clause does not bar resentencing on all counts to carry out the sentencing judge's original intent. *United States v. McArthur*, 850 F.3d 925, 943 (8th Cir. 2017); *see also United States v. King*, 691 F.3d 939, 940 (8th Cir. 2012).[5]

## CONCLUSION

The Court reaffirms its prior conclusion that the defendant's guilty pleas were competently rendered, knowing, and voluntary. There is no fair and just reason to permit withdrawal. Accordingly,

---

[5] The Court is aware that a sentence may be unconstitutionally vindictive if greater punishment is imposed because the defendant exercised a constitutional right. *See United States v. Arrington*, 255 F.3d 637, 639 (8th Cir. 2001). Of course, the Court has no intention of punishing the defendant for successfully appealing his conviction on Count I—that was, in fact, entirely appropriate given the Supreme Court's decision in *Taylor*, 142 S. Ct. 2015. Rather, while the Court may well impose greater sentences on Count II and III than it imposed in 2021, that decision will be based on Counts II and II, their relevant conduct, and the 18 U.S.C. § 3553(a) factors. *See Greenlaw v. United States*, 554 U.S. 237, 253-54 (2008).

IT IS ORDERED that the defendant's motion to withdraw his guilty plea as to Count II (filing 788) is denied.

Dated this 21st day of December, 2023.

BY THE COURT:

John M. Gerrard
Senior United States District Judge