IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3011 |
| vs. | |
| | ORDER |
| DANTE D. WILLIAMS, | |
| Defendant. | |

This matter is before the Court on the defendant's motion to appoint counsel (filing 866). That motion will be denied.

The defendant says he wants court-appointed counsel for "a 2255 for ineffective assistance of counsel." Filing 866. Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

And the Court may appoint counsel to represent a § 2255 movant if it "determines that the interests of justice so require." § 2255(g); 18 U.S.C. § 3006A(a)(2)(B).

But the defendant was convicted pursuant to guilty pleas after admitting to his participation in two attempted home invasion robberies. *See* filing 685.

He was represented by capable and experienced counsel who appealed on his behalf and prevailed, resulting in the defendant's resentencing to a lesser term of imprisonment. *See United States v. Williams*, No. 21-2489, 2023 WL 3590705 (8th Cir. May 23, 2023) (citing *United States v. Taylor*, 596 U.S. 845 (2022)). Counsel again appealed, arguing that the sentence was substantively unreasonable, but the Eighth Circuit affirmed the defendant's sentences. *See United States v. Williams*, 171 F.4th 1086 (8th Cir. 2026). In other words, everything in the record suggests that the defendant received all the legal process he was due under the Constitution and laws of the United States.

In his current motion, the defendant has provided the Court with no indication of what allegedly deficient performance by counsel might call his convictions and sentences into question. *See* filing 866. There is, therefore, no reason to believe that "the interests of justice" require counsel to be appointed, at least at this stage with no legal justification to do otherwise.

IT IS ORDERED that the defendant's motion to appoint counsel (filing 866) is denied.

Dated this 5th day of May, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

- 2 -